IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVEN A. OREBAUGH and
ELIZABETH E. OREBAUGH,

       **Plaintiffs**,

v.                                                  Civil Action No: 3:12-cv-335-REP

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC., EQUIFAX INFORMATION
SERVICES, LLC., and BANK OF AMERICA, N.A.,

       **Defendants.**

## PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiffs, STEVEN OREBAUGH AND ELIZABETH

OREBAUGH ("Plaintiffs"), by counsel, and makes the following disclosures:

**I. Individuals likely to have discoverable information**

    1.    Plaintiffs, Steven Orebaugh and Elizabeth Orebaugh.
            c/o Kristi Cahoon Kelly
            Surovell Isaacs Petersen & Levy PLC
            4010 University Drive, Suite 200
            Fairfax, Virginia 22030
            Telephone: (703) 277-9774

            *All facts.*

    2.    Employees of Experian Information Services.

            *All facts regarding the subject matter of the Complaint.*

    3.    Employees of Trans Union, LLC.

            *All facts regarding the subject matter of the Complaint.*

    4.    Employees of Equifax Information Services.

            *All facts regarding the subject matter of the Complaint.*

5. Employees of Bank of America Home Loans
f/k/a BAC Home Loans Servicing, LP
Customer Service Correspondence
CA6-919-01-41
P.O. Box 5170
Semi Valley, CA 93062-5170
(866) 669-6607

 *All facts regarding the derogatory credit reporting and the loan modification.*

6. Chiquita Dillard
Bank of America, N.A.
5401 N. Beach Street
Mail Stop: TX2-977-01-34
Fort Worth, TX 76137

 *All facts regarding the derogatory credit reporting and the loan modification.*

7. Valencia Aubas
Customer Relationship Manager
Office of the CEO and President
Bank of America, N.A.
100 Tryon Street
Charlotte, NC 28255-0001

 *All facts regarding the derogatory credit reporting and the loan modification*

8. Jody DiMarcello
Default Servicing Customer Relationship Manager
Home Loan Team
Bank of America, N.A.
100 Tryon Street
Charlotte, NC 28255-0001

 *All facts regarding the derogatory credit reporting and the loan modification*

9. Susan Sanders
U.S. Department of Veterans Affairs
210 Franklin Road, S.W.
Roanoke, VA 24011
(800) 933-5499 ext. 1538

*All facts regarding the payment dispute with Bank of America*

10. Clint Sellers, Esq.
    Clint Sellers, PLLC
    70 North Mason Street, Suite 110
    Harrisonburg, VA 22802
    (540) 437-9400

    *All facts regarding the loan modification, qualified written request and stress it has caused Mr. and Mrs. Orebaugh.*

11. Andrea Ray
    Paralegal
    Clint Sellers, PLLC
    70 North Mason Street, Suite 110
    Harrisonburg, VA 22802
    (540) 437-9400

    *All facts regarding the loan modification, qualified written request and stress it has caused Mr. and Mrs. Orebaugh.*

12. Holli Orebaugh
    839 Dices Spring Road
    Weyers Cave, VA 24486
    (540) 414-3996

    *Mr. and Mrs. Orebaugh's daughter- All facts regarding the mortgage servicing and communications with Bank of America, timely payments of the modification, and emotional distress.*

13. Masood Ahmed, MD
    Augusta Health Cardiology
    70 Medical Center Circle, Suite 107
    Fishersville, VA 22939
    (540) 332-4278

    *All facts regarding the heart attack suffered by Plaintiff Steven Orebaugh in July 2012, his surgery, hospitalization and recovery.*

14. John A. Kern, MD
    University of Virginia Health System
    Thoracic and Cardiovascular Surgery
    P.O. Box 800679
    Charlottesville, VA 22908-0709
    (434) 982-4301

3

> *All facts regarding the heart attack suffered by Plaintiff Steven Orebaugh in July 2012, his surgery, hospitalization and recovery.*

15. Dr. Ballard
    70 Medical Center Drive
    Fishersville, VA 22939
    (540) 932-4000

    > *All facts regarding the heart attack suffered by Plaintiff Steven Orebaugh in July 2012, and his admittance to the hospital.*

16. Employees of Glasser & Glasser PLC
    P.O. Box 3400
    Norfolk, Virginia 23510
    (757) 533-5555

    > *All facts regarding the attempted foreclosure of their home.*

17. Unknown persons as may be revealed in discovery.

18. All witnesses identified by each of the Defendants.

**II. Description of documents in possession of the Plaintiff.**

Other than those documents obtained from any Defendant in discovery, the Plaintiffs have the following documents in their possession and control:

Plaintiff's Bate Stamp Nos. 000001-000350 (*Plaintiff's Bate Stamped Exhibits will be forwarded to counsel for the Defendants, under separate cover).*

**III. Computation of Damages**

**<u>Itemization Of Damages</u>**

The Plaintiffs seek damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

**<u>Categories and types of Actual Damages</u>**

    i. Plaintiffs have suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

      ii.      Plaintiffs have suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

      iii.      Plaintiffs have suffered general economic damages in the form of lost credit capacity and decreased credit scores.

      iv.      Plaintiffs have suffered general damages in the form of damage to reputation.

      v.      Plaintiffs have been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

      vi.      Plaintiffs have suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiffs did not receive because of the false and derogatory information contained in his credit reports.

      vii.      The damage to Plaintiffs' credit score may also have impacted the interest rates he has on current loans, credit he has requested during this ordeal, if applicable, or caused decreased credit limits on existing accounts.

      viii.      Plaintiff's economic damage also includes the considerable time, effort and expense he has been forced to expend attempting to force Defendants to comply with its statutory obligations including telephone calls, writing letters, sending faxes.

      ix.      Plaintiffs have endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture their good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

      x.      Plaintiffs have also suffered embarrassment from having to explain the circumstances to potential creditors as well. Plaintiffs suffer anxiety when considering seeking additional credit because they believes, justifiably, that they will be forced to once again subject themselves to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about them.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages)

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA,* (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award

$140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, 297 F. Supp.2d 1196 (E.D. Mo. 2003)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

7

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047978 (S.D. Fla. 2008)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c.  **Specific examples of credit denials/ adverse actions**

The Plaintiffs have experienced specific and known damage to their credit that has been manifested in the Plaintiffs' credit reports including decreased credit scores as a result of the inaccurate information contained in their credit files.

It is the Plaintiffs' understanding, as summarized through their counsel, that each of the credit reports utilized contained the inaccurate derogatory account and inaccurate information at issue in this case.

d.  **Punitive Damages.**

The Plaintiffs seek punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiffs' testimony, the testimony of their witnesses and through the testimony of the employees of the Defendants against whom such damages are sought.

e.  **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14,

8

2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc*., 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiffs reserve the right to further supplement these disclosures.

**STEVEN AND ELIZABETH OREBAUGH**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net

        Susan Rotkis, Esq. VSB #40639
        CONSUMER LITIGATION
        ASSOCIATES, P.C.
        763 J. Clyde Morris Boulevard, Suite 1-A
        Newport News, Virginia 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        E-mail: srotkis@clalegal.com

        Kristi Cahoon Kelly, VSB #72791
        SUROVELL ISAACS PETERSEN &
        LEVY, PLC
        4010 University Drive, Second Floor
        Fairfax, Virginia 22030
        (703) 251-5400 - Telephone
        (703) 591-9285 - Facsimile
        E-mail:  kkelly@siplfirm.com

        Andrew J. Guzzo, Esq. (VSB #82170)
        SUROVELL ISAACS PETERSEN &
        LEVY, PLC
        4010 University Drive, Second Floor
        Fairfax, Virginia 22030
        (703) 251-5400 - Telephone
        (703) 591-9285 - Facsimile
        Email: aguzzo@siplfirm.com

        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

        I hereby certify that on this 9th day of August, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Michael R. Ward, Esq. | John W. Montgomery, Jr., Esq. |
| Morris & Morris, P.C. | Montgomery & Simpson, LLLP |
| PO Box 30 | 2116 Dabney Rd., Suite A-1 |
| Richmond, VA 23218-0030 | Richmond, VA 23230 |
| Phone: (804) 344-8300 | Phone: (804) 355-8744 |
| Fax: (804) 344-8539 | jmontgomery@jwm-law.com |
| mward@morrismorris.com | *Counsel for Equifax Information* |
| *Counsel for Trans Union, LLC* | *Services, LLC* |

| | |
|---|---|
| David Neal Anthony, Esq.<br>Troutman Sanders LLP<br>Troutman Sanders Bldg.<br>1001 Haxall Point<br>PO Box 1122<br>Richmond, VA 23219-1122<br>Phone: (804) 697-5410<br>Fax: (804) 698-5118<br>david.anthony@troutmansanders.com | Matthew R. Jolson, Esq.<br>JONES DAY<br>325 John H. McConnell Blvd.<br>Suite 600<br>Columbus, Ohio 43215-2673<br>Telephone: (614) 281-3939<br>Facsimile: (614) 461-4198<br>mrjolson@jonesday.com |

*Counsel for Experian Information Solutions, Inc*

| | |
|---|---|
| Brian E. Pumphrey, Esq.<br>Jeffrey D. McMahan, Jr., Esq.<br>MCGUIREWOODS LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219<br>Phone: (804) 775-1000<br>Fax: (804) 775-1061<br>bpumphrey@mcguirewoods.com<br>jmcmahan@mcguirewoods.com | Robert W. McFarland, Esq.<br>MCGUIREWOODS LLP<br>9000 World Trade Center<br>Norfolk, Virginia 23510<br>Phone: (757) 640-3716<br>Fax: (757) 640-3966<br>rmcfarland@mcguirewoods.com |

*Counsel for Bank of America, N.A.*

　　　　　　　　/s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net

11